## Rupe v. New Mexico Lumber Ass'n.

Filed January 15, 1886.

MECHANIC'S LIEN—ASSUMPSIT TO FORECLOSE MECHANIC'S LIEN.
   The supreme court having held that a mechanic's lien cannot be enforced
   by an action of *assumpsit*, and the lien having been thereupon sought to be en-
   forced through a suit in equity, with the identical pleadings as before, the
   supreme court has respect for its former decision, and reverses and remands
   the cause.

Error to district court, San Miguel county.

*O'Bryan & Pierce*, for plaintiff in error.

*W. D. Lee* and *T. B. Catron*, for defendant in error.

HENDERSON, J.   This was an action of *assumpsit*, brought in the
district court of San Miguel county for the purpose of enforcing a
mechanic's lien on certain real estate described in the declaration.
On appeal to this court at the last term, (5 Pac. Rep. 730,[1]) the judg-
ment was reversed, and the cause remanded for such further action
in the district court as might be proper.

When here before, the court held in distinct terms that the action
was *assumpsit*, and that in such form of action the lien claimed could
not be enforced.   After the mandate had been filed in the court below,
and against the objection of the plaintiff in error, the case proceeded
as a suit in equity, without the slightest change by way of amendment.
A personal judgment might have been rendered against such of the
defendants as were liable; but it was in plain violation of the judg-
ment of this court to enforce, or attempt to enforce, the lien claimed
in an action at law.   The court below appointed a master in chancery,
and entered a final decree on his report, condemning the premises
on which the lien was claimed to sale, in satisfaction of the amount
found due defendant in error.

The judgment of this court in this case at the last term is conclu-
sive upon us, and leaves nothing open for our consideration.   The
cause is reversed and remanded.

LONG, C. J., and BRINKER, J., concur.

[1] Same case, *ante*, 261.